UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUAN CARLOS ALMONTE,

               Plaintiff,

-against-

LAW ENFORCEMENT AGENCY; JUDGE
LAURA TAYLOR SWAIN,

               Defendant.

21-CV-6062 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is currently incarcerated in Sing Sing Correctional Facility, filed this *pro se* action under 42 U.S.C. § 1983. By order dated September 7, 2021, the Court directed Plaintiff to amend his complaint to address deficiencies in his original pleading. The Court received Plaintiff's amended complaint on September 21, 2021, and has reviewed it. The action is dismissed for the reasons set forth below.

## STANDARD OF REVIEW

      The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

      While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

In the original complaint, which is handwritten and difficult to decipher, Plaintiff names as defendants judges and court clerks from other district courts in which he had previously filed cases. Attached to the complaint is a "Change of Religious Designation Form" from the New York State Department of Corrections and Community Supervision (DOCCS), and a list of religions that DOCCS recognizes. The complaint does not provide facts explaining why Plaintiff filed his complaint against the named defendants, or his reasons for attaching the DOCCS documents.

In the order to amend, the Court informed Plaintiff that: (1) if Plaintiff seeks to challenge matters in connection with his cases pending in other districts, his remedy is to pursue relief in those courts or to appeal to the proper court of appeals, not to pursue relief in this District; and (2) if Plaintiff is asserting a violation of his right to practice his religion at Sing Sing, he should file an amended complaint naming individuals directly involved in those events and providing facts explaining what happened.[1] Instead, Plaintiff filed an amended complaint against this Court and "Law Enforcement Agency." In it, Plaintiff: (1) asserts that this Court "never obtain[ed] nor

---

[1] The order to amend indicated that Plaintiff is incarcerated in Green Haven Correctional Facility, but he is in fact in Sing Sing. The Court acknowledges the error, but it does not affect the disposition of this matter.

confronted [his] 1983"; (2) refers to perjury and bribery; and (3) seeks payment of $151, 972.50. (ECF 8.)

## DISCUSSION

Plaintiff has added the undersigned as a Defendant in the amended complaint, and the Court construes this addition as a motion for recusal. A judge is required to recuse herself from "any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). When a judge's impartiality is questioned on bias or prejudice grounds, "what matters is not the reality of bias or prejudice but its appearance." *Liteky v. United States*, 510 U.S. 540, 548 (1994). That is, recusal is warranted if "an objective, disinterested observer fully informed of the underlying facts . . . [would] entertain significant doubt that justice would be done absent recusal." *United States v. Yousef*, 327 F.3d 56, 169 (2d Cir. 2003) (internal quotation marks and citation omitted).

The showing of personal bias to warrant recusal must ordinarily be based on "extrajudicial conduct . . . not conduct which arises in a judicial context." *Lewis v. Tuscan Dairy Farms, Inc.*, 25 F.3d 1138, 1141 (2d Cir. 1994) (internal quotation marks and citation omitted). And "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555 (citation omitted); *see Fulton v. Robinson*, 289 F.3d 188, 199 (2d Cir. 2002) (affirming denial of recusal motion filed in case by plaintiff where judge had ruled against him on all his motions and where plaintiff had "speculated that the judge may have been acquainted with [him]"). Moreover, because recusal "necessarily results in a waste of the judicial resources which have already been invested in the proceeding," *In re Int'l Business Machines Corp.*, 618 F.2d 923, 933 (2d Cir. 1980), a judge is "as much obliged not to recuse himself when it is not called for as he is obligated to when it is." *In re Drexel Burnham Lambert, Inc.,* 861 F.2d 1307, 1312 (2d Cir. 1988).

While a judge is generally required to disqualify herself when she "is a party to the proceeding," 28 U.S.C. § 455(b)(5)(i), courts have held that, "[i]n order to guard against 'judge shopping,'" this rule is inapplicable where there is "no legitimate basis for suing the judge." *Tamburro v. City of East Providence*, 981 F.2d 1245 (Table), 1992 WL 380010, at *1 (1st Cir. 1992) (quoting *Andersen v. Roszkowski*, 681 F. Supp. 1284, 1289 (N.D. Ill. 1988), *aff'd* 894 F.2d 1338 (7th Cir. 1990) (table)); *see also DiMartino v. Pulice,* No. 3:16-CV-0378, 2017 WL 958391, at *2 (D. Conn. Mar. 10, 2017) ("The statute governing recusal . . . appears to mandate recusal . . . when a judge is a party to . . a proceeding[.] However, it is clear that a judge is not disqualified . . . merely because a litigant sues or threatens to sue him." (quotation marks and citations omitted) (collecting cases)); *Bauerle v. U.S. Dep't of Health & Hum. Servs.*, No. 12-CV-0532, 2014 WL 3658670, at *2 (D. Ariz. July 23, 2014) (recusal inappropriate where plaintiff sued judge in same action based on judge's prior rulings), *aff'd*, 689 F. App'x 502 (9th Cir. 2017).

These principles apply when a litigant names the judge in an amended complaint, perhaps in an effort to obtain the judge's disqualification: "A judge who is named in an amended complaint is not required to disqualify him or herself unless there is a legitimate basis for suing the judge." 32 Am. Jur. 2d Fed. Courts § 92; *see also Sullivan v. Conway*, 157 F.3d 1092, 1096 (7th Cir. 1998) ("[I]t is improper for a lawyer or litigant . . . to *create* the ground on which he seeks recusal of the judge assigned to the case. That is arrant judge-shopping.")

Here, Plaintiff fails to allege any facts suggesting that the Court's impartiality might be reasonably questioned. The Court granted Plaintiff leave to amend because his original pleading was largely illegible, and did not make plain what had occurred and what relief Plaintiff was seeking. In response, Plaintiff filed an amended complaint naming the Court as a Defendant, as

4

well as an unspecified "law enforcement agency." Insofar as Plaintiff has named the undersigned in his amended pleading in response to the order directing him to amend his complaint, the Court's prior ruling is not a valid basis for recusal. *See Liteky*, 510 U.S. at 555 (citation omitted).

Nor does Plaintiff's addition of the undersigned as a defendant in the amended complaint require recusal. Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). In addition, as amended in 1996, section 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Plaintiff's allegations against the undersigned arise from actions the Court took in the scope of its judicial responsibilities, and the doctrine of absolute judicial immunity therefore bars Plaintiff's claims. Because Plaintiff's claims against the Court do not rest on any legitimate basis, Plaintiff may not disqualify the undersigned by adding her as a defendant in the amended complaint.

The Court therefore denies Plaintiff's motion for recusal and dismisses Plaintiff's claims against the undersigned as barred by the doctrine of absolute judicial immunity and as frivolous. *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" (quoting *Neitzke*, 490

U.S. at 327)); *see also Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the in forma pauperis statute].").

The amended complaint also names an unspecified "law enforcement agency," but provides no elaboration on which law enforcement agency is named or why that entity is named. *See Iwachiw v. New York State Dep't of Motor Vehicles*, 299 F. Supp. 2d 117, 121 (E.D.N.Y. 2004) (" [W]here the complaint names a defendant in the caption but contains no allegations indicating exactly how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted" ) (citations omitted)), *aff'd*, 396 F.3d 525 (2d Cir. 2005). The amended complaint does not contain a single allegation against this defendant, and therefore the claims against "law enforcement agency" are dismissed for failure to state a claim on which relief may be granted.

## FURTHER LEAVE TO AMEND DENIED

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   October 1, 2021
        New York, New York

                                            /s/ Laura Taylor Swain
                                           LAURA TAYLOR SWAIN
                                           Chief United States District Judge